IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 14, 2020 Session

IN RE ALEXIS S.[1]

Appeal from the Circuit Court for Hamblen County
No. 17AD005      Alex E. Pearson, Judge

No. E2020-00405-COA-R3-PT

This appeal concerns the trial court's dismissal of termination petitions upon remand. We reverse the dismissal of the petition as applied to the father but affirm the dismissal of the petition as applied to the mother.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Reversed in Part, Affirmed in Part; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J. and THOMAS R. FRIERSON, II, J., joined.

Crystal G. Jessee, Greeneville, Tennessee, for the appellants, Donna and Bill K.

Aaron J. Chapman, Morristown, Tennessee, for the appellee, Amanda W.

OPINION

I.      BACKGROUND

Alexis S. ("the Child") was born to Amanda P. ("Mother") and Doug S. ("Father") in December 2007. Two years later, the parents relinquished custody of the Child to the maternal grandmother, Vanessa T. ("Grandma T."). This arrangement continued until September 2014, when Mother agreed to a new custody order that split time between the paternal grandmother, Donna K. ("Grandma K."), and Grandma T. The grandmothers maintained this arrangement until August 2016, when Grandma K. sought to restrict

---

[1] This court has a policy of protecting the identity of children in parental rights termination cases by initializing the last name of the parties.

Grandma T.'s co-parenting time, based upon an accusation of marijuana use. Grandma T. responded with her own petition to restrict Grandma K.'s co-parenting time, based upon an allegation of physical abuse.

During the pendency of the custodial litigation between the grandmothers, Mother filed a motion to regain custody. Grandma K. and her husband (collectively "Petitioners") then filed a petition to terminate Mother's parental rights and for adoption of the Child. Father joined in the petition and indicated his consent to the adoption of the Child pursuant to Tennessee Code Annotated section 36-1-117(f), which provides, in pertinent part, as follows:

> When the child is related to one (1) of the petitioners [and the biological father] of the child signs the adoption petition as a co-petitioner for the specific purpose, as stated in the petition, of giving consent to the adoption, no further surrender, parental consent, or termination of parental rights shall be required as to that parent or guardian, as the act of joining in the adoption petition shall be deemed a complete surrender[.]

Petitioners requested that Father's consent be held in abeyance, pending the outcome of the proceeding. Grandma T. then filed her own petition for termination of Mother *and* Father's parental rights and a secondary petition for visitation in the event that her termination petition was denied.

The case proceeded to a hearing on both termination petitions.[2] Following the hearing, the trial court terminated each parent's parental rights in a final order, dated January 22, 2019. The final order did not state the statutory grounds relied upon in terminating each parent's parental rights. Instead, the order provided that termination was based upon the statutory grounds that were found *by clear and convincing evidence* in the incorporated memorandum opinion. A careful reading of the memorandum opinion provides that the trial court terminated each parent's parental rights based only upon his or her (1) abandonment for willful failure to support the Child and (2) failure to manifest an ability and willingness to assume custody.

Mother appealed the termination of her parental rights, objecting, inter alia, to the court's termination of her parental rights based upon the statutory grounds of (1) abandonment for willful failure to visit; (2) abandonment for willful failure to support; and (3) failure to manifest an ability and willingness to assume custody.[3] The record

---

[2] The trial court also heard evidence concerning Grandma T.'s petition for grandparent visitation. Her petition for visitation was denied and is not at issue in this appeal.

[3] Father did not join in the appeal.

reflects that the trial court never relied upon the statutory ground of abandonment for willful failure to visit as applied to Mother. Instead, the court found that termination based upon a willful failure to visit as applied to Mother was only proven based upon a *preponderance of the evidence*, not the required clear and convincing evidentiary standard necessary to establish a ground of termination.

Upon appeal, a panel of this court reversed the trial court's findings of abandonment based upon Mother's (1) abandonment for willful failure to support and (2) failure to manifest an ability and willingness to assume custody. We remanded the matter to the trial court to make specific findings of fact on what we erroneously believed was the remaining ground of abandonment for willful failure to visit. *See In re Alexis*, E2018-01989-COA-R3-CV, 2019 WL 5586820 (Tenn. Ct. App. Oct. 29, 2019) ("*Alexis I*"). As previously stated, this was not a ground relied upon by the trial court in terminating Mother's parental rights. Furthermore, our opinion contained a typographical error in which we stated that the matter was remanded for the trial court to make additional findings of fact on the statutory ground of abandonment based upon a willful failure to *support* the Child,[4] a ground we rejected in the body of our opinion. *See Alexis I*, 2019 WL 5586820, at *5-6 ("[W]e conclude that Petitioners failed to establish by clear and convincing evidence that Mother had the capacity to support the Child during the relevant four-month period, made no attempt to do so, and had no justifiable excuse for not doing so.").

Upon remand, the trial court issued the following order:

The Court has thoroughly reviewed the record following the Tennessee Court of Appeals remand for further findings of fact on the ground of willful failure to visit. The Court finds that [Petitioners] only established willful failure to visit by a preponderance of the evidence and not the statutorily required clear and convincing burden of proof. *The court in its original memorandum opinion did not find the ground of willful failure to visit to be established by clear and convincing evidence and upon a thorough review is still of the same opinion.* The Court is only convinced by a preponderance of the evidence that [Mother] had merely engaged in token visitation with the [Child] during the relevant period.

---

[4] "Because the trial court failed to make sufficient findings as mandated by Tennessee Code Annotated § 36-1-113(k), we reverse the trial court's determination that the ground of abandonment by willful failure to support the child was established and remand the issue for the trial court to make the requisite findings and to enter judgment accordingly." *Alexis I*, 2019 WL 5586820, at *1.

The Court further sets aside the termination of [Father's] parental rights because [Father] consented to the termination based upon his parents being able to adopt [the Child].

Both termination and adoption petitions filed in this case are hereby dismissed and jurisdiction is now vested back in the Juvenile Court for further proceedings.

(Emphasis added.).  Petitioners then filed this appeal.

Having set the record straight, we hold that the only cognizable issue in this appeal is whether the trial court erred in setting aside the termination of Father's parental rights. The parties and this court agree that this was error.

While Father joined in the petition to terminate Mother's parental rights and indicated his consent to Petitioners' request for adoption, his own parental rights were also terminated, based upon the statutory grounds of (1) abandonment for willful failure to support and (2) failure to manifest an ability and willingness to assume custody. Father did not appeal the trial court's termination of his parental rights in *Alexis I*.

Further, our opinion, albeit erroneous, specifically instructed the trial court to issue findings of fact upon remand in support of the alleged termination of Mother's parental rights based upon the statutory ground of abandonment for willful failure to visit. This court has explained that "the scope of a trial court's authority upon remand" is limited to "the directions contained in the mandate from the appellate court." *Raleigh Commons, Inc., v. SWH, LLC*, 580 S.W.3d 121, 129-30 (Tenn. Ct. App. 2018) (internal citations and quotations omitted).  Accordingly, we hold that the trial court's dismissal of the termination of Father's parental rights was error and beyond the scope of remand.

## II.    CONCLUSION

The judgment of the trial court is reversed as to the dismissal of the termination of Father's parental rights.  The judgment of the trial court is affirmed as to the dismissal of the termination of Mother's parental rights.  The case is remanded for such further proceedings as may be necessary.  Costs of the appeal are taxed to the appellants, Donna and Bill K.

_____
JOHN W. McCLARTY, JUDGE

- 4 -